UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

    Petitioner,

v.

Case No. 22-cv-793-pp

RANDALL HEPP,[1]

    Respondent.

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 3), SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On July 11, 2022, the petitioner, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 judgment of conviction for second-degree reckless homicide and possession of a firearm by a felon. Dkt. No. 1. At the same time, the petitioner filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3.[2] This order grants the petitioner's motion for leave to

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at Waupun Correctional Institution. Dkt. No. 1 at 1. This order reflects Randall Hepp as the respondent. See https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/WaupunCorrectionalInstitution.aspx.

[2] Four days after the court received the petition, it received from the petitioner a letter dated July 13, 2022. Dkt. No. 8. The letter was addressed to the Clerk of Court and advised the clerk that the petitioner had enclosed a "form" for this

1

proceed without prepaying the filing fee, denies the motion to appoint counsel, screens the petition and orders the respondent to answer or otherwise respond.

I. **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asked the court to allow him to proceed without prepaying the fee. Dkt. No. 2. Section 1915(a)(1) of Title 28 allows a court to authorize the commencement of a lawsuit without the filer prepaying the filing fee if the filer "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The petitioner's request indicates that he does not have any assets. Dkt. No. 2 at 2. The petitioner's trust account statement shows that as of June 30, 2022 he has an end balance of $0.00 in his regular account and an end balance of $0.24 in his release account. Dkt. No. 6 at 1. The court will grant the petitioner's motion and screen the petition under Rule 4 of the Rules Governing Section 2254 cases.

II. **Rule 4 Screening**

A. Background

The petition refers to State v. Durley, Milwaukee County Case No. 2017CF005754 (available at https://wcca.wicourts.gov). Dkt. No. 1 at 2. The

---

case—Case No. 22-cv-793. Id. Second, it asked for more time to pay the initial partial filing fee in a *different* case, Case No. 22-cv-706. Id. The plaintiff should file separate documents for requests in separate cases. If he puts several requests relating to different cases in the same document, he runs the risk that the court will not see the particular request related to each case.

2

Case 2:22-cv-00793-PP   Filed 11/08/22   Page 2 of 11   Document 11

court has reviewed the publicly available docket for that case. The docket indicates that the State filed a criminal complaint against the petitioner on December 14, 2017. Id. On March 14, 2018, a jury found the petitioner guilty of second-degree reckless homicide and possession of a firearm by a felon. Id. On April 5, 2018, the court sentenced the petitioner to nineteen years of initial confinement followed by ten years of extended supervision. Id. The court entered judgment on April 6, 2018. Id. That same day the petitioner filed his notice of intent to pursue post-conviction relief. Id. On December 15, 2020, the Wisconsin Court of Appeals affirmed the conviction. Id. On March 24, 2021, the Wisconsin Supreme Court denied the petition for review. Id.

  B. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an

3

unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C.  Analysis

The petition raises five grounds for relief: (1) ineffective assistance of counsel; (2) the petitioner's witnesses never were asked about the petitioner's whereabouts on the day of the shooting (it is not clear whether the petitioner is

4

asserting that the investigating law enforcement officers did not question the other people in his rooming house about his whereabouts, or whether he is asserting that his lawyer failed to investigate his whereabouts by asking the other people in the rooming house); (3) the court of appeals erred by stating that a witness identified the petitioner as a shooter; (4) the petitioner's cellular device and another individual's cellular device "never pinged off of any towers and no surveillance" (again, it is not clear whether the petitioner is arguing that law enforcement did not investigate cell site records or whether his lawyer either failed to obtain cell cite records or question witnesses about them); and (5) the reason the petitioner did not report his van stolen was because it wasn't in his name (again, it appears that perhaps the petitioner is arguing that his attorney should have explained why the petitioner did not report his van stolen). Dkt. No. 1 at 6-9.

Ground one alleges a claim that is generally cognizable on federal *habeas* review. See Adeyanju v. Wiersma, 12 F.4th 669, 673 (7th Cir. 2021) (considering ineffective assistance of trial counsel claim on *habeas* review). As the court has noted, it is more difficult to determine whether the other four grounds state claims cognizable on *habeas* review. If the petitioner is challenging the failure of law enforcement to investigate certain things, that is not an allegation of a violation of the Constitution or federal law. If the petitioner is trying to explain certain things after the fact, that is not a *habeas* claim. The court suspects, however, that for at least four of the grounds, the petitioner means to argue that his trial attorney was ineffective for failing to

5

raise issues or correct misimpressions. For the purposes of screening, the court will assume that Grounds One, Two, Four and Five allege ineffective assistance of counsel.

As for Ground Three, the petitioner says that the court of appeals committed an error by stating that "Amanda" twice identified him as the shooter when the petitioner says he did not. The *habeas* statute provides that a court may not grant a *habeas* petition on a claim that was adjudicated on the merits in state court unless the adjudication of that claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). "A mistake of fact cannot support habeas relief unless [the petitioner] can show that the state court's decision was based on it." O'Quinn v. Spiller, 806 F.3d 974, 978 (7th Cir. 2015). The court will assume for the purposes of screening that the petitioner is arguing that the court of appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented at trial. That is a claim cognizable on *habeas* review.

The court has concerns about the timeliness of the petition. The publicly available docket indicates that the Wisconsin Supreme Court denied the petition for review on March 24, 2021. It appears that the petitioner's conviction would have become final ninety days later, on June 22, 2022. See United States Supreme Court Rule 13. The petitioner did not file his federal *habeas* petition until July 11, 2022. That said, the argument that a petition was not timely filed is an affirmative defense, and that means "the state has the

6

burden of showing that the petition is untimely." Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004) (citing Acosta v. Artuz, 221 F.3d 117, 121-22 (2d Cir. 2000)).

As for exhaustion, the petitioner says that he did not exhaust his state remedies on any of his grounds because his trial attorney "didn't feel the need to." Dkt. No. 1 at 7-10. The petitioner appears to misunderstand what is meant by "exhaustion of remedies." The exhaustion doctrine provides that a person incarcerated as the result of a state sentence "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). That means that to exhaust his remedies, the petitioner must have raised every one of the issues he raises in this federal *habeas* petition in his direct appeal to the Court of Appeals and in his petition for review to the Wisconsin Supreme Court. Without seeing the orders those courts issued, the court cannot determine whether the petitioner exhausted his remedies. And again, failure to exhaust state remedies is an affirmative defense, which the respondent bears the burden to prove. See Day v. McDonough, 547 U.S. 198, 199 (2006) ("This resolution aligns the statute of limitations with other affirmative defenses to habeas petitions, notably exhaustion of state remedies . . . .").

At this early stage, without the benefit of a full record, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief. While it is not clear, it appears that his five grounds state

claims cognizable on *habeas* review and it is premature for the court to determine issues like timeliness and failure to exhaust.

### III. Motion to Appoint Counsel (Dkt. No. 3)

The petitioner also has filed a motion to appoint counsel. Dkt. No. 3. There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

The petitioner's motion provides no explanation for why the court should appoint counsel. It does not indicate that he has tried to find a lawyer on his own. The petitioner filed a declaration in support of the motion. Dkt. No. 4. That declaration seems to be missing pages; it does not have a signature page, for example. The incomplete declaration says that the petitioner is indigent and

can't afford to pay the filing fee, much less pay a lawyer. Id. The petitioner states that he believes that because of the complexities of the case and his lack of knowledge or experience in criminal law, appointment of counsel is necessary for him to proceed. Id. Again, the single page of the declaration says nothing about whether the petitioner has tried to find a lawyer on his own.

The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own. The petitioner has not provided evidence that he has tried to contact *any* lawyers. He asserts that his claims are complex. They may be; it is too soon to tell. The court is familiar with the petitioner; he has filed many 42 U.S.C. §1983 civil rights lawsuits in this court. He has demonstrated that he is capable of explaining what has happened to him, filing motions and responding to motions. Because the petitioner has not demonstrated that he tried to find counsel on his own, and because he has not explained why this case is so complicated that he cannot handle it himself, the court will deny the petitioner's motion without prejudice. This means that if there comes a time where the petitioner believes that the litigation is too complex for him to handle it on his own, he may renew the motion.

## IV. Conclusion

The court **GRANTS** the petitioner's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 3.

9

The court **ORDERS** that the petitioner may proceed on the grounds stated in his petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 8th day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**