TIMOTHY DURLEY,

        Petitioner,

  v.

        Case No. 22-cv-793-pp

RANDALL HEPP,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 14)**

On July 11, 2022, the petitioner, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 judgment of conviction for second-degree reckless homicide and possession of a firearm by a felon. Dkt. No. 1. At the same time, the petitioner filed a motion to appoint counsel. Dkt. No. 3. On November 8, 2022, the court screened the petition and ordered the respondent to file a responsive pleading within sixty days. Dkt. No. 11. In that same order, the court denied without prejudice the petitioner's motion to appoint counsel. Id. at 8-9. The court noted that the motion gave no explanation for why the court should appoint counsel, did not indicate that the petitioner had tried to find a lawyer on his own, and included a declaration that seemed to be missing pages. Id. at 8. The court explained that although the petitioner had not shown that his case was so complicated that he could not

1

handle it himself, if there came a time where the petitioner believed the litigation was too complex for him to do so, he could renew the motion. Id. at 9.

The petitioner now has filed a motion for reconsideration of the court's order denying his motion for appointment of counsel. Dkt. No. 14. The court will deny the motion.

I.  **Legal Standard**

There is no rule of civil procedure authorizing motions to reconsider. The Seventh Circuit has held, however, that if a motion "challenges the merits of the district court's decision," the motion "must fall under Rule 59(e) or Rule 60(b) . . . ." Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994) (quoting United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1993)). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Although the plaintiff filed his motion eight days after the court denied his request to appoint counsel, the court has not issued a judgment, so Rule 59(e) does not apply. Rule 60(b) is available where a movant files within a "reasonable amount of time" after an order; depending on the basis for the motion, the petitioner may file a Rule 60(b) motion up to a year after the entry of the judgment or order he challenges. The court will treat the motion for reconsideration as one brought under Rule 60(b) and deems it timely filed.

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

2

Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." Eskridge v. Cook Cty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick v. City of Chi., 230 F.3d 319, 327 (7th Cir. 2000)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to [the decision to be reconsidered.]" Woods v. Resnick, 725 F. Supp. 2d 809, 925 (W.D. Wis. 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)). The district court has discretion regarding whether to grant a motion under Rule 60(b). Id.

## II. Analysis

While the petitioner's original motion failed to describe any efforts he made to find a lawyer on his own, the petitioner now states that he has written to three different attorneys to represent him in this federal *habeas* case. Dkt. No. 15 at 1. He also argues that the complexity of his case makes it impossible for him to litigate without counsel "due to his restrictions and 'RHU' status and overwhelming other civil law suits the petitioner has in this court." Id. at 3. The petitioner contends that his case will involve a significant amount of time, resources and legal research regarding untimely filings. Id. The petitioner states that he has no criminal books, no access to the law library due to his status in the restricted housing unit and a security precaution put in place due to his alleged staff assault on October 28, 2022. Id. at 4.

3

Case 2:22-cv-00793-PP    Filed 12/05/22    Page 3 of 5    Document 19

The petitioner has not shown that he is entitled to relief under Rule 60(b). The petitioner's motion includes correspondence indicating that he attempted to obtain legal representation in his case, see dkt no. 16-1 at 2-3. The letters he attached to the motion are dated July 12, 2022 and August 18, 2022, which means the petitioner received both letters after he filed his motion to appoint counsel on July 11, 2022. Dkt. No. 3. While the petitioner's original motion should have indicated that he had attempted to secure counsel, the court understands that at the time the petitioner filed the motion on July 11, 2022, he had not received the responses turning down his requests for representation.

That said, the petitioner has not shown any manifest error of law or newly discovered evidence that the court failed to consider when determining that the petitioner had not shown that he did not have the capability to litigate this case himself. To the extent the petitioner is making a new argument that he is unable to litigate the case himself given the restraints of being in segregation, the petitioner could have raised that argument at the time he filed the motion for appointment of counsel. Woods, 725 F. Supp. 2d at 925. The petitioner's argument that he needs counsel because he does not have the time to prepare briefs and pleadings in this case because of his obligations in the other cases he has before the court is not persuasive. The petitioner's decision to file numerous federal civil lawsuits at the same time has no bearing on whether the facts of this case are too complex for the petitioner to litigate on his own. To the extent that the petitioner needs more time to file a brief in

4

accordance with the court's briefing schedule in this case, see dkt no. 11 at 10, the petitioner may file a motion for an extension of time, explaining why he has good cause to ask for an extension.

As the court explained in its order, if there comes a time where the petitioner believes that the litigation is too complex for him to handle on his own, he may *renew* the motion. Renewing a motion, however, is not the same as filing a motion for reconsideration under Rule 60(b). The petitioner has provided no grounds for reconsideration.

### III. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 5th day of December, 2022.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **Chief United States District Judge**