UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

    Petitioner,

v.

                                      Case No. 22-cv-793-pp

RANDALL HEPP,

    Respondent.

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 24) AND GRANTING PETITIONER'S MOTION FOR EXTENSION (DKT. N0. 25)**

On January 9, 2023, the respondent filed a motion to dismiss. Dkt. No. 20. On January 10, 2023, the court ordered that the petitioner must file his brief in opposition to the motion by the end of the day on February 23, 2023 or the court would consider the respondent's motion without any input from the petitioner. Dkt. No. 21. On February 15, 2023, the court received from the petitioner a renewed motion for appointment of counsel, dkt. no. 24, and a request for an extension to respond to the motion to dismiss, dkt. no. 25. The court will deny the motion for appointment of counsel and grant the request for an extension.

**I.    Renewed Motion for Appointment of Counsel (Dkt. No. 24)**

The petitioner asks that the court appoint counsel for his federal *habeas* proceeding. As the caption of his motion indicates, this is not the first time the petitioner has requested appointment of counsel in this case. When the petitioner originally filed his *habeas* petition, he filed a motion for appointment

1

of counsel. Dkt. No. 3. When the court screened the petition, it reviewed and denied the motion, explaining that the petitioner had failed to demonstrate that he had tried to find a lawyer on his own and that he had not explained why his case was so complicated that he could not handle it himself. Dkt. No. 11 at 8-9. The court told the petitioner that if there came a time when he believed the litigation was too complex, he could renew the motion. Id. at 9. On November 16, 2022, the court received from the petitioner a motion for reconsideration of his motion for appointment of counsel. Dkt. No. 14. The court denied the motion on December 5, 2022. Dkt. No. 19.

As the petitioner is aware, there is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

2

The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own. In his renewed motion for appointment of counsel, the petitioner says that he reached out to three attorneys in the past and recently reached out to his appellate attorney. Dkt. No. 26 at 1. In his declaration in support of his motion, the petitioner says that he reached out to attorneys in the past and indicated that he was including an updated letter showing his attempts to contact his appellate attorney to represent him. Dkt. No. 27 at 1-2. But there was no correspondence attached to the declaration or the renewed motion. While the petitioner says that he has reached out to three attorneys, he has not provided the court any evidence to support that assertion. He has not provided the court with copies of letters he sent to lawyers, or with letters he may have received from lawyers. In his motion for reconsideration, however, the petitioner did include letters dated July 12, 2022 and August 18, 2022 indicating that he had attempted to obtain legal representation. Dkt. No. 16-1 at 2-3. The court concludes that the petitioner has made a reasonable attempt to secure counsel on his own.

That said, as it as explained in its previous orders, dkt. nos. 11, 19, the court cannot conclude that the petitioner has demonstrated that his case is so complicated that it prevents him from litigating it himself. The petitioner says that he suffers psychological damage from solitary confinement, which limits his thinking, memory and concentration. Dkt. No. 26 at 2. He says that because of prison restrictions, he receives little to no access to the law library.

Id. at 2. The petitioner contends that when he is able to access the law library, it is too complex for him to research case law concerning the motion to dismiss for failure to exhaust remedies. Id. at 3.

Unfortunately, many of the issues the petitioner identifies are common to most incarcerated litigants. Most have little time in the law library. Most would like more time to do research. Many have psychological issues. The petitioner refers to the "complexities" of his case, but doesn't explain what it is about the case that makes it difficult or impossible for him to address the issues he has raised. Although the petitioner contends that he has psychological damage, both his original petition and the instant motion are articulate, clear and easy for the court to understand. For the most part, the court can understand the petitioner's allegations, which allege ineffective assistance of counsel and that the Wisconsin Court of Appeals' decision was based on an unreasonable determination of the evidence presented at trial. Dkt. No. 1 at 6-9. And the petitioner is no stranger to federal court. This court has presided over ten civil cases filed by the petitioner, and its colleague Judge Duffin is presiding over three more. The petitioner represents himself in all of those cases, and has filed clear, understandable pleadings—*many, many* pleadings—in all of them.

Most incarcerated persons who file lawsuits or *habeas* petitions ask for lawyers. The court does not have the resources to appoint lawyers for all *habeas* petitioners; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result, the court appoints counsel only in those cases where a party is not able to express

4

himself, and where the litigation has reached a point that a lay person could not handle it on his own. In its motion to dismiss, the respondent argues that the petitioner's motion should be dismissed because the petitioner did not present his claims for a complete round of state court review. Dkt. No. 21. The court concludes that this case has not reached the point where the petitioner cannot handle it himself. The court will deny the motion without prejudice.

## II. Motion for Extension (Dkt. No. 25)

The petitioner asks the court to "put on hold" his response to the respondent's motion to dismiss until it rules on his renewed motion for appointment of counsel. Dkt. No. 25. The court construes the request as a motion for an extension of time to respond. Although the court is denying the renewed motion for appointment of counsel, it will grant the motion for an extension and give the petitioner an additional forty-five days to file his response to the motion to dismiss.

## III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's renewed motion for appointment of counsel. Dkt. No. 24.

The court **CONSTRUES** the petitioner's request for him to hold off responding to respondent's motion to dismiss as a motion for extension of time to file his response to the motion to dismiss and **GRANTS** the motion. Dkt. No. 25. The court **ORDERS** that the deadline for the petitioner to respond to the motion to dismiss is **EXTENDED** to the end of the day on **June 9, 2023**.

If the court has not received either the petitioner's brief in opposition to the respondent's motion to dismiss or a motion asking for an extension of time to file it by the end of the day on June 9, 2023, the court will consider the respondent's motion without any input from the petitioner, and may decide to grant the motion.

Dated in Milwaukee, Wisconsin this 25th day of April, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**