TIMOTHY DURLEY,

        Petitioner,

  v.                                                   Case No. 22-cv-793-pp

RANDALL HEPP,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 31), DENYING PETITIONER'S RENEWED MOTION TO APPOINT COUNSEL (DKT NO. 32), GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME (DKT. NO. 33) AND DENYING AS MOOT PETITIONER'S REQUEST FOR STAY (DKT. NO. 34)**

        On January 9, 2023, the respondent filed a motion to dismiss. Dkt. No. 20. On January 10, 2023, the court ordered that the petitioner must file his brief in opposition to the motion by the end of the day on February 23, 2023 or the court would consider the respondent's motion without any input from the petitioner. Dkt. No. 22. On February 15, 2023, the court received from the petitioner a renewed motion for appointment of counsel and a request for an extension to respond to the motion to dismiss. Dkt. Nos. 24, 25. The court denied the motion for appointment of counsel and granted the request for an extension. Dkt. No. 30. The court extended the deadline for the petitioner to respond to the motion to dismiss to June 9, 2023. Id. at 6.

        On May 1, 2023, the petitioner filed a motion for reconsideration of the court's order denying his motion to appoint counsel. Dkt. No. 31. On May 30, 2023, before the court had a chance to address that motion, the court received

from the petitioner a renewed motion to appoint counsel, dkt. no. 32, and a motion for an extension of time to file a response to the motion to dismiss, dkt. no. 33. The court will deny the motion for reconsideration, deny the renewed motion for appointment of counsel, grant the motion for an extension and deny as moot the request for a stay.

**I.      Motion for Reconsideration (Dkt. No. 31)**

The petitioner asks the court to reconsider its order denying his motion for appointment of counsel, alleging that Waupun Correctional Institution, where the petitioner currently is incarcerated, has been on a lockdown since March 2023 and most likely will be throughout the summer. Dkt. No. 31 at 1. The petitioner says that whenever there is a lockdown, he must wait at least a week before he is able to access the law library. Id.

There is no federal rule of civil procedure authorizing motions to reconsider. The Seventh Circuit has held, however, that if a motion "challenges the merits of the district court's decision," the motion "must fall under Rule 59(e) or Rule 60(b) . . . ." Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994) (quoting United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1993)). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." The court has not entered a judgment, so Rule 59(e) does not apply.

A movant must file a Rule 60(b) motion within a "reasonable amount of time" after an order; depending on the basis for the motion, the petitioner may file a Rule 60(b) motion up to a year after the entry of the judgment or order he

2

challenges. The court will treat the petitioner's motion for reconsideration as a motion under Rule 60(b) and deems it timely filed.

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." Eskridge v. Cook Cty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick v. City of Chi., 230 F.3d 319, 327 (7th Cir. 2000)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to [the decision to be reconsidered.]" Woods v. Resnick, 725 F. Supp. 2d 809, 925 (W.D. Wis. 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)). The district court has discretion regarding whether to grant a motion under Rule 60(b). Id.

The petitioner has not shown that he is entitled to relief under Rule 60(b). The petitioner has not shown any manifest error of law or newly discovered evidence that the court failed to consider when it determined that the petitioner had not demonstrated that he did not have the capability to litigate this case himself. To the extent he argues that new lockdowns have prevented him from accessing the law library, the original motion for appointment of counsel addressed the same issue. In his motion, the petitioner stated that he received little to no access to the law library because of his

3

prison restrictions. Dkt. No. 26 at 2. The court addressed the petitioner's concern, explaining that while many incarcerated litigants have little time in the law library and would like more time to conduct legal research, the petitioner had not demonstrated that he was incapable of handling the case himself. Dkt. No. 30 at 4-5. The court will deny the motion for reconsideration.

**II.   Renewed Motion for Appointment of Counsel (Dkt. No. 32)**

The petitioner has filed a renewed motion for appointment of counsel. dkt. no. 32 and a brief in support of the motion, dkt. no. 35. The petitioner contends that the court should appoint him counsel because he is in the restrictive housing unit with little to no access to the library. Dkt. No. 32 at 2. The petitioner says that he is financially unable to obtain counsel, an expert or other resources necessary for his case. Id. The petitioner says that he has contacted three lawyers, including his appellate attorney. Dkt. No. 35 at 3. He also says he is indigent and suggests that the failure to appoint counsel for an indigent defendant in federal proceedings violates the Sixth Amendment and is subject to collateral attack in a federal *habeas corpus* proceeding. Id. at 3-4 (citing Johnson v. Zerbst, 304 U.S. 458 (1938)). The petitioner argues that "loved one's" have assisted him with his other lawsuits, as have other incarcerated persons who have sent him case law, without which he would not have the knowledge to file his pleadings. Id. at 4. The petitioner says that the complexity of the case along with the lockdown prevent him from litigating his case on his own. Id. at 4-5. The petitioner also argues that he cannot concentrate or focus when he is in the library due to the other incarcerated

4

persons yelling, screaming and kicking the door. Id. at 5. He also notes that the law library does not have "things related to [his] federal habeas corpus do to [his] confinement in 'RHU.'" Id. The petitioner also says that he suffers psychological problems due to his confinement in the restrictive housing unit and suffers from memory, concentration and "a list of other things as well." Id.

This is the fourth time the petitioner has filed a motion for appointment of counsel in this case. As the petitioner is aware from the court's prior orders, there is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). The petitioner's reliance on Zerbst is misplaced. Zerbst held that the Sixth Amendment prevents a federal court from convicting and sentencing a *criminal* defendant who is not represented by counsel and has not competently and intelligibly waived his right to counsel. Zerbst, 304 U.S. at 467-68. This constitutional right does not apply to federal *civil* litigation—including §2254 federal *habeas* proceedings. Giles, 914 F.3d at 1052; Holmes v. Buss, 506 F.3d 576, 578 (7th Cir. 2007) (explaining that "habeas corpus is a civil proceeding rather than a criminal one."). The petitioner does not have a constitutional right to counsel.

5

The petitioner has raised the same issues regarding access to the law library, his mental health concerns, and the general complexity of his case that he raised in prior motions. As the court has explained, many of the issues the petitioner identifies are common to most incarcerated litigants. Most have little time in the law library. Most would like more time to do research. Many have psychological issues. The petitioner refers to the "complexities" of his case. He contends that the law library does not have the materials he needs to draft a response to the motion to dismiss. The respondent's motion to dismiss argues that the petitioner did not present his claims for a complete round of state court review. Dkt. No. 21. The exhaustion issue the respondent raises in the motion to dismiss is a common defense in federal *habeas* proceedings; the court suspects that the law library provides access to at least some case law discussing this legal issue.

Although the petitioner contends that he has psychological issues, both his original petition and the instant motion are articulate, clear and easy for the court to understand. For the most part, the court can understand the petitioner's allegations, which allege ineffective assistance of counsel and that the Wisconsin Court of Appeals' decision was based on an unreasonable determination of the evidence presented at trial. Dkt. No. 1 at 6-9.

Most incarcerated persons who file lawsuits or *habeas* petitions ask for lawyers. The court does not have the resources to appoint lawyers for all *habeas* petitioners; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result, the court

6

appoints counsel only in those cases where a party is not able to express himself, and where the litigation has reached a point that a lay person could not handle it on his own. The court concludes that this case has not reached the point where the petitioner cannot handle it himself. The court will deny the motion without prejudice.

### III. Motion for Extension (Dkt. No. 33)

The petitioner asks for a sixty-day extension to respond to the motion to dismiss pending the outcome of his motion for appointment of counsel. Dkt. No. 33. The court has denied the motion for appointment of counsel, but it will grant the extension and give the petitioner an additional sixty days to file his response to the motion to dismiss. This is the second time the court has granted the petitioner an extension to respond to the motion to dismiss; his response originally was due on February 23, 2023. The court advises the petitioner that it will not provide any additional extensions. The petitioner's failure to file a response to the motion to dismiss by the date provided below will result in the court's deciding the motion without the petitioner's input.

### IV. Request for Stay (Dkt. No. 34)

The petitioner requests a stay from responding to the respondent's motion to dismiss pending the court's ruling on his most recent motion for appointment of counsel. Dkt. No. 34. Because the court has denied the motion for appointment of counsel and granted the motion for an extension, it will deny this request as moot.

### V. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 31.

The court **DENIES WITHOUT PREJUDICE** the petitioner's renewed motion for appointment of counsel. Dkt. No. 32.

The court **GRANTS** the petitioner's motion for extension. Dkt. No. 33. The court **ORDERS** that the deadline for the petitioner to respond to the motion to dismiss is **EXTENDED** to the end of the day on **September 15, 2023**. If the court has not received the petitioner's brief in opposition to the respondent's motion to dismiss by the end of the day on September 15, 2023, the court will consider the respondent's motion without any input from the petitioner and may decide to grant the motion.

The court **DENIES AS MOOT** the petitioner's request for a stay pending the outcome of his motion for appointment of counsel. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 12th day of July, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**