UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

    Petitioner,

v.                                    Case No. 22-cv-793-pp

RANDALL HEPP,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTIONS TO STAY (DKT. NO. 38) AND TO HOLD IN ABEYANCE (DKT. NO. 39), DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS (DKT. NO. 20) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES WHILE PETITIONER EXHAUSTS STATE COURT REMEDIES**

On July 11, 2022, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 conviction in Milwaukee County Circuit Court on two counts (second-degree reckless homicide and possession of a firearm by a felon). Dkt. No. 1. The court screened the petition under Rule 4 and allowed the petitioner to proceed on five claims (four of which are ineffective assistance of counsel claims). Dkt. No. 11. The court expressed concern that, based on the allegations, the petitioner may have filed the petition after the one-year limitation period and may have failed to exhaust any of his claims. Id. at 7. Nevertheless, the court ordered the respondent to answer or otherwise respond within forty-five days. Id. at 10.

1

## I. Respondent's Motion to Dismiss (Dkt. No. 20)

The respondent filed a motion to dismiss, asserting that the petitioner had not exhausted any of his claims. Dkt. No. 21 at 5. He argued that the petitioner did not file a postconviction motion in the circuit court and had raised only a single claim (sufficiency of the evidence) on direct appeal. Id. The respondent emphasized that the petitioner admitted he had not exhausted the claims, explaining that postconviction and appellate counsel "stated he didn't feel the need to." Id. (citing Dkt. No. 1 at 7-10). The respondent explained that there were steps available to the petitioner if he believed that counsel's ineffectiveness explained the failure to exhaust:

> But if [the petitioner] believes his counsel's ineffectiveness at the trial-court-level postconviction phase was the cause of his failure to exhaust state court remedies, then he may file a Wis. Stat. § 974.06 motion in the state circuit court. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, . . . (Ct. App. 1996). And if he believes his counsel's ineffectiveness on direct appeal was the cause of his failure to exhaust state court remedies, he must exhaust a habeas corpus petition with the state court of appeals before he may bring a federal habeas corpus claim. *Knight*, 484 N.W.2d 540. Either way, there are state court remedies available to [the petitioner] that he has not exhausted, so this Court must dismiss the Petition. *Perruquet*, 390 F.3d at 514.

Dkt. No 21 at 5, 6.

The court will deny the respondent's motion to dismiss without prejudice because, as the court will explain below, it is granting the petitioner's motions for stay and for abeyance.

## II. Petitioner's Motions to Stay and for Abeyance (Dkt. Nos. 38, 39)

The petitioner responded to the motion to dismiss with a motion to stay, dkt. no. 38, and a motion for abeyance, dkt. no. 39. The petitioner asserts that

he had good cause and that his claims are not plainly meritless. Dkt. Nos. 38 at 1; 39 at 1. In both motions, he blames his counsel for failing to exhaust his claims, claiming that his counsel told him he didn't feel the need to pursue the claims identified by the petitioner. Dkt. Nos. 38 at 2; 39 at 2. The petitioner also mentions his lack of legal education and his restricted status in the housing unit, which limits his access to resources. Dkt. No.38 at 2. The petitioner believes that there is merit to his claims because his "appellate [attorney] at the time" told him as much. Dkt. Nos. 38 at 2; 39 at 4. The respondent did not respond to the petitioner's motions.

### III. Analysis

Where a petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001). There is an exception that allows the court to stay a *habeas* petition while the petitioner returns to the state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 273 (2005). This exception is available where a petitioner has filed either a "mixed" petition containing both exhausted and unexhausted grounds for relief, or a petition containing only unexhausted grounds for relief. Stenson v. Hepp, Case No. 20-cv-997, 2020 WL 7343233, *2 (E.D. Wis. Dec. 14, 2020) (citing Blank v. Dittman, 674 F. Supp. 2d 1100, 1101 (E.D. Wis. 2009) ("stay and abeyance is available even where a petition contains no exhausted claims")).

3

A stay is available only in limited circumstances. Rhines, 544 U.S. at 270. The Supreme Court has explained that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. Consequently, the court may issue a stay only when (1) the petitioner demonstrates good cause for failing to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. Yeoman v. Pollard, 875 F.3d 832, 837 (7th Cir. 2017) (citing Rhines, 544 U.S. at 277–28).

While lack of knowledge alone rarely satisfies the good cause standard, see Jackson v. Baenen, Case No. 12-CV-554, 2012 WL 5988414, *2 (E.D. Wis. Nov. 29, 2012) ("Allowing a petitioner to stay a petition by claiming ignorance about the law would eviscerate the requirement of good cause set out in Rhines"), the petitioner also asserts that he presented the claims and evidence to appellate counsel who told him he didn't need to exhaust, and he asserts that his placement in the restrictive housing unit limited his access to legal resources.

The court concludes that the combination of circumstances—the petitioner's lack of legal knowledge, his counsel's alleged advice to him and his lack of access to resources—constitutes good cause for the petitioner's failure

to exhaust. That means the court must determine whether the claims are plainly meritless.

At screening, the court allowed the petitioner to proceed on five claims:

(1) ineffective assistance of counsel; (2) the petitioner's witnesses never were asked about the petitioner's whereabouts on the day of the shooting (it is not clear whether the petitioner is asserting that the investigating law enforcement officers did not question the other people in his rooming house about his whereabouts, or whether he is asserting that his lawyer failed to investigate his whereabouts by asking the other people in the rooming house); (3) the court of appeals erred by stating that a witness identified the petitioner as a shooter; (4) the petitioner's cellular device and another individual's cellular device "never pinged off of any towers and no surveillance" (again, it is not clear whether the petitioner is arguing that law enforcement did not investigate cell site records or whether his lawyer either failed to obtain cell cite records or question witnesses about them); and (5) the reason the petitioner did not report his van stolen was because it wasn't in his name (again, it appears that perhaps the petitioner is arguing that his attorney should have explained why the petitioner did not report his van stolen).

Dkt. No. 11 at 4, 5. The court suspected that, for at least four of the claims, the petitioner was trying to argue that his trial counsel was ineffective for failing to raise issues or correct misimpressions. Id. at 5. The court assumed, for purposes of screening, that the petitioner was alleging in ground three that the court of appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented at trial. Id. The court cannot conclude, from the face of the petition, that any of the five claims are plainly meritless.

Finally, there is nothing in the record indicating that the petitioner has engaged in abusive litigation tactics or intentional delay with respect to this *habeas* petition. As mentioned above, the court has some concerns about the timeliness of the petition; the petitioner's conviction appears to have become

5

final on June 22, 2021 but the petitioner did not file the federal *habeas* petition until July 11, 2022. Id. at 6. The timeliness of a petition, however, is an affirmative defense that the respondent did not raise in his motion to dismiss.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the respondent's motion to dismiss. Dkt. No. 20.

The court **GRANTS** the petitioner's motions for stay and abeyance. Dkt. Nos. 38, 39. The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** during the stay.

The court **ORDERS** that within thirty days after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once it receives that motion, the court will reopen the case, with the parties retaining all rights they would have had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Dated in Milwaukee, Wisconsin this 20th day of March, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**