UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY DURLEY,

Petitioner,

v.

Case No. 22-cv-793-pp
Appeal No. 25-3313

KENYA MASON,

Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 64) AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 67)**

---

On July 11, 2022, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 conviction in State of Wisconsin v. Timothy Durley, Milwaukee County Case No. 2017CF5754, for second-degree reckless homicide and possession of a firearm by a felon. Dkt. No. 1 at 2. The court granted the petitioner leave to proceed without prepaying the filing fee, dkt. no. 11, and later granted a stay so that he could return to state court and exhaust his administrative remedies, dkt. no. 41. After the court had lifted the stay and the parties had briefed the issues on the merits, the court found that the petitioner had procedurally defaulted on his claims and had failed to establish actual innocence. Dkt. No. 61 at 14-27. On December 18, 2025, the court granted the respondent's motion to dismiss, declined to issue a certificate of appealability and dismissed the case. Id.

On December 22, 2025, the court received from the petitioner a notice of appeal. Dkt. No. 63. That same day, the court received from the petitioner a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 64, and a motion asking the court to appoint appellate counsel, dkt. no. 67. Because the court concludes that the petitioner did not take the appeal in good faith and because the petitioner also has filed with the Seventh Circuit a motion to appoint appellate counsel, the court will deny both motions.

## I. Petitioner's Motion for Leave to Appeal Without Prepaying the Filing Fee (Dkt. No. 64)

The petitioner asks the court to grant him leave to appeal without prepaying the filing fee. Dkt. No. 64. In support of the motion, the petitioner filed an affidavit stating that he is indigent and that he had attached a copy of his prison trust account statement.[1] Id. at 2. He asserts that the court should have found in his favor, "including oversights, omissions on [his] part and the Eastern district part. including my cause of and innocence despite one witness." Id. (as in original). He identifies ten issues that he intends to raise on appeal:

> (1) my cause of and prejudice to excuse my procedural default. (2) time lines on specific time i talked to my father, including statement from Velma Jackson mother "foster mother" Phyllis Jackson on when she last saw my van. Despite her numerous statements she gave to police the last time she saw my van was on 11-25-2017 and not 11-30-2017 (3) a more detailed of my cellular with more pages, of wire tap phone ping. "Please not when i filed these documents in this case it was only 21 pages of Exhibit D-1-21- i've got more now to 42 (4) the ineffective assistance of appellate counsel, which I do only want to proceed on, and how he only raised one issue (5) if the

[1] The court received the petitioner's trust account statement the following day, December 23, 2025. Dkt. No. 65.

police believed i was actually driving my van on the night of the alleged shooting why not add on more charges. e.g. driving recklessly, recklessly driving, driving on a rovoked-suspended licenced. for i was "not" charged with neither of these. (6). my actual innocence on how the latent print expert wasnt called to explained the many unidentified finger prints on my van, and presenting this evidence. (7) how i was at the rooming house i was renting from on the night of the shooting,. (8) how my Roommates were questioned on December 12, 2017 and how they stated i told then 2-3 weeks i told them my van were stolden. which would've been before the alleged shooting. (9). I intend to cite case law that is similar to my case in the above mentioned issues, i plan on presenting. (10) i also intend on explaining how my "appellate counsel Jeffrey W. Jenson" argued the same issues that was similar to my case as he did in other cases raising only issue. and showing proof how he stated he was Gonna raised more than one issue.

Dkt. No. 64 at 2-3 (as in original).

A federal court may permit a party to proceed on appeal without full pre-payment of fees if the party is indigent and the appeal is taken in good faith. 28 U.S.C. §1915(a)(1) & (3); Federal Rule of Appellate Procedure 24(a)(3)(A). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The petitioner's trust account statement confirms that he is indigent, but the record does not support a finding that he has taken the appeal in good faith. The petitioner admitted that he had not exhausted his claims. Dkt. No. 61 at 17. He returned to the state court and filed a state *habeas* petition—a

Knight petition[2]—but this court found that the Wisconsin Court of Appeals relied on independent and adequate state grounds when it denied that petition. Id. at 18-19. This court explained to the petitioner why he cannot show cause and prejudice on this record. Id. at 21-22. He continues to focus on issues that appellate counsel should have raised, but the Wisconsin Court of Appeals found that there was no other claim stronger than the one that was raised on appeal. Id. at 22. More important, the petitioner's girlfriend of four years testified that she was riding with him in the van at the time of the shooting and saw him shoot the victim. Id.

The petitioner suggests that he now has more phone records, additional case law and proof that appellate counsel was going to raise more than one issue. But this court's review is confined to the record and the record does not support the petitioner's claims. The court will deny his request to proceed without prepaying the filing fee.

The petitioner may challenge this finding by filing a separate motion for leave to appeal without prepaying the filing fee in the court of appeals within thirty days of the date of this order. See Fed. R. App. P. 24(a)(5). If the petitioner does not file a motion requesting review of this order, he will be required to pay the full $605 appeal filing fee before the court of appeals considers his appeal.

[2]A Knight petition is a state-court postconviction petition that allows a defendant to challenge the effectiveness of his appellate counsel See State v. Knight, 168 Wis. 2d 509, 522 (Wis. 1992) (concluding that "to bring a claim of ineffective assistance of appellate counsel, a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus").

## II. Petitioner's Motion to Appoint Counsel (Dkt. No. 67)

The petitioner filed with this court a motion to appoint counsel on appeal. Dkt. No. 67. He has sought the same relief from the Seventh Circuit Court of Appeals. Appeal No. 25-3313, Dkt. No. 10. The court will deny the motion the petitioner filed in this case; the Seventh Circuit will decide whether to appoint him appellate counsel.

## III. Conclusion

The court **DENIES** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 64.

The court **ORDERS** that if by the end of the day on **September 23, 2026**, the petitioner has not filed a motion with the Seventh Circuit to appeal without prepaying the filing fee, he must forward to the clerk of court the full appellate filing fee of $605. The plaintiff must clearly identify the payment by the case name and number assigned to this case.

The court **DENIES** the petitioner's motion to appoint counsel on appeal because it is properly filed with, and will be decided by, the Seventh Circuit. Dkt. No. 67

Dated in Milwaukee, Wisconsin this 24th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**